674 N.W.2d 147 (2004)
In re The Honorable Steven FORD, Judge, 92nd District Court.
Docket No. 124553.
Supreme Court of Michigan.
January 23, 2004.
The Judicial Tenure Commission has issued a Decision and Recommendation for an Order of Discipline, to which the respondent, former District Judge Steven Ford, consents. It is accompanied by a settlement and plea agreement. Respondent has resigned his position as 92nd District Court judge, effective October 31, 2003; agreed to never seek or accept assignment as a visiting judge, tendering an irrevocable letter to the State Court Administrator to that effect; and agreed to never be a candidate for a judicial position in the state of Michigan. The commission recommends public censurethe most severe sanction available in light of respondent's resignation.
In resolving this matter, we are mindful of the standards set forth in In re Brown, 461 Mich. at 1292, 1293, 625 N.W.2d 744, 745 (1999):
Everything else being equal:
(1) misconduct that is part of a pattern or practice is more serious than an isolated instance of misconduct;
(2) misconduct on the bench is usually more serious than the same misconduct off the bench;
(3) misconduct that is prejudicial to the actual administration of justice is more serious than misconduct that is prejudicial only to the appearance of propriety;
(4) misconduct that does not implicate the actual administration of justice, or its appearance of impropriety, is less serious than misconduct that does;
(5) misconduct that occurs spontaneously is less serious than misconduct that is premeditated or deliberated;
(6) misconduct that undermines the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case, is more serious than misconduct that merely delays such discovery;
(7) misconduct that involves the unequal application of justice on the basis of such considerations as race, color, ethnic background, gender, or religion are more serious than breaches of justice that do not disparage the integrity of the system on the basis of a class of citizenship.
In the present case, those standards are being applied in the context of the following *148 findings and conclusions of the Judicial Tenure Commission, which, following our review de novo, we adopt as our own:
1. Respondent was, through October 31, 2003, and at all material times, a judge of the 92nd District Court for Luce and Mackinac Counties, Michigan.
2. While he held judicial office, he was subject to all the duties and responsibilities imposed on him by the Michigan Supreme Court, and continues to be subject to the standards for discipline set forth in MCR 9.104 and MCR 9.205.
3. The commission filed Formal Complaint No. 74 against respondent.
4. The complaint is based, in part, on the allegations that respondent:
A. Kissed a female court employee on the lips on several occasions, all of which were not welcome by the employee;
B. Made unwelcome physical contact with female court employees, including placing his hands on their buttocks or breasts;
C. Made sexually suggestive comments to a female court employee;
D. Used court computer equipment to view pornographic websites on the Internet;
E. Restricted use of the computer by other court employees in order to cover up his accessing of pornographic websites;
F. Was charged with fourth-degree criminal sexual conduct, MCL 750.520e, which is a two-year high misdemeanor; for his physical contacts with female court employees, as also described in paragraphs 3-43 in Formal Complaint 74; and
G. Was charged with common-law misconduct in office, under MCL 750.505, which is a felony, for physically assaulting employees while serving in a publicly elected office as a district court judge, as also described in paragraphs 3-43 in Formal Complaint 74.
5. Respondent filed an answer to the formal complaint, denying that the allegations constituted misconduct.
6. After Formal Complaint No. 74 and respondent's answer were filed, respondent pleaded "no contest" to an amended charge of aggravated assault in the criminal proceeding. As part of the plea agreement, he tendered his resignation as 92nd District Court judge effective October 31, 2003, at 11:59 p.m.
7. The examiner and respondent engaged in negotiations to resolve this matter short of conducting a formal hearing and, as a result of those negotiations, entered into a Settlement and Plea Agreement to resolve Formal Complaint No. 74.
8. Respondent does not contest, and the commission therefore finds as fact pursuant to MCR 2.111(E)(3), that respondent committed the following acts, that these acts constitute judicial misconduct, and that such conduct was wrongful:
A. On the morning of Wednesday, January 8, 2003, a female court employee was speaking on the telephone when respondent entered her office.
B. When she placed the call on hold to obtain an item from another office, respondent stood up and would not let her get around him.
C. Respondent grabbed the employee, pulled her toward him, and kissed her on the lips.
D. Respondent then allowed her to retrieve the item she needed from the other office and walked away.
E. In the afternoon of Wednesday, January 8, 2003, the employee was working in her office.

*149 F. Respondent entered and began giving her instructions regarding a work assignment.
G. He then turned the conversation to a personal matter.
H. Respondent, as he was speaking to the employee, leaned over and rubbed her breasts for approximately five seconds.
I. Respondent's actions directed toward the employee were not invited or welcomed by her.
9. Respondent admits, and the commission therefore finds as fact, that respondent used a court computer to access sexually explicit websites on the Internet during working hours.
10. The commission takes judicial notice that respondent has been convicted by his no contest plea to aggravated assault in the 11th Circuit Court.
11. Respondent has consented to the commission's recommendation that the Supreme Court publicly censure him based on the no contest plea and the admissions set forth in the Settlement and Plea Agreement.
12. Although respondent has not admitted to any conduct alleged in the complaint other than as outlined above, there is overwhelming evidence to support many of the other allegations in Formal Complaint No. 74. Nevertheless, the commission is restricting the Decision and Recommendation in this matter solely to the matters admitted or not contested by the respondent.
13. As a consequence of respondent's resignation, the maximum disciplinary action that may be imposed is a public censure, and respondent has consented to that sanction in the Settlement and Plea Agreement.
14. In light of all of the above, the commission agrees to dismiss all other allegations of misconduct in the pending formal complaint, as well as those in underlying Request for Investigation No. 03-14517.
15. As reflected in the Settlement and Plea Agreement, this recommendation is conditioned on respondent's representations that he will:
A. Resign his position as 92nd District Court judge, which was has done, and which is effective on October 31, 2003, at 11:59 p.m.;
B. Never seek or accept assignment as a visiting judge and tender an irrevocable letter to the State Court Administrator to that effect before November 1, 2003; and
C. Never be a candidate for a judicial position in the state of Michigan.
16. Respondent's conduct as admitted and described above constitutes:
A. Misconduct in office as defined by Michigan Constitution 1963, art. 6, § 30, part 2 as amended, and MCR 9.205(B);
B. Conduct clearly prejudicial to the administration of justice as defined by Michigan Constitution 1963, art. 6, § 30, part 2, as amended;
C. Discourteous or disrespectful treatment of a person because of gender or other protected personal characteristic, in violation of MCR 9.205(B)(1)(d).
D. Failure to observe high standards of conduct so that the integrity and independence of the judiciary may be preserved as described in the Code of Judicial Conduct, Canon 1;
E. Conduct involving impropriety and the appearance of impropriety, which erodes public confidence in the judiciary, contrary to the Code of Judicial Conduct, Canon 2A;
F. Failure to respect and observe the law and to conduct oneself at all times in a manner the promotes public *150 confidence in the integrity of the judiciary, contrary to the Code of Judicial Conduct, Canon 2B;
G. Failure to treat court employees fairly and respectfully, without regard to gender, in violation of the Code of judicial Conduct, Canon 2B; and
H. Conduct violating MCR 9.104 in that it:
(1) Exposes the legal profession or courts to obloquy, contempt, censure, or reproach, contrary to MCR 9.104(A)(2);
(2) Is contrary to ethics, honesty, and good morals, contrary to MCR 9.104(A)(3);
(3) Violates standards or rules of professional responsibility adopted by the Supreme Court, contrary to MCR 9.104(A)(4); and
(4) Violates criminal laws of the state of Michigan, contrary to MCR 9.104(A)(5).
17. In determining an appropriate sanction in this matter, the Commission considered various relevant factors as required by the Michigan Supreme Court in In re Brown (After Remand), 464 Mich. 135, 626 N.W.2d 403 (2001), and are applied to the facts in the present case as follows:
A. Respondent's admitted actions relating to the employees do not provide evidence of a pattern of misconduct, although his admitted acts concerning the use of the court computer to view pornographic material on the Internet was repeated conduct over an extended period of time.
B. The admitted conduct did not occur on the bench, and misconduct on the bench is usually more serious than the same misconduct off the bench.
C. The conduct was not prejudicial to the actual administration of justice.
D. The conduct strongly implicated the appearance of impropriety, particularly as the admitted conduct is demeaning toward women, and implicated the administration of justice by the use of court computer equipment for personal, and clearly improper, reasons.
E. The admitted conduct was not spontaneous and was clearly the result of deliberate acts of respondent.
F. The admitted conduct did not undermine the ability of the justice system to discover the truth of what occurred in a legal controversy, or to reach the most just result in such a case.
G. Respondent's actions did not involve the unequal application of justice based on a protected personal characteristic, but did involve acts that violated established societal standards regarding the treatment of members of the opposite sex.
18. In determining an appropriate sanction in this matter, the Commission is also mindful of the Supreme Court's desire for "proportionality" with sanctions for comparable conduct in both Michigan and other states. However, respondent has resigned, agreed not to serve in a judicial capacity even as a visiting judge, and has consented to a public censure. As a public censure is the most severe punishment that may be imposed on a judge who has resigned, the commission does not believe that a review of proportionality is warranted in the present matter.
After reviewing the recommendation of the Judicial Tenure Commission, the settlement and plea agreement, the standards set forth in Brown, and the above findings and conclusions, we accept the recommendation of the commission and order that former Judge Steven Ford be publicly censured. *151 This order stands as our public censure.